The court incorporates by reference in this paragraph and adopts as
the findings and orders of this court the document set forth below.
This document was signed electronically on August 06, 2009, which
may be different from its entry on the record.

IT IS SO ORDERED.



Dated: August 06, 2009

**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-16140 |
| | ) | |
| MARY F. BERTOLONE, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding |
| STEVEN S. DAVIS, TRUSTEE | ) | No. 08-01272 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| TROY HOBBS, *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

Before the court is plaintiff Chapter 7 trustee's unopposed motion for partial

summary judgment (Docket #36). At issue is whether the trustee is entitled to

judgment on a promissory note. For the reasons that follow, the plaintiff's motion

for partial summary judgment is granted.

---

[1] This Memorandum of Opinion is not intended for official publication.

## FACTS AND PROCEDURAL BACKGROUND

The following facts are undisputed. The debtor, Mary Bertolone, was the owner of real property located at 25775 Highland Road, Richmond Heights, Ohio. In May of 2004, two of the defendants in this adversary proceeding, Alicia Hobbs and Troy Hobbs, purchased the real property from the debtor.

As part of the transaction, the Hobbses signed a promissory note to the debtor. *See* Responses to Requests for Admission of Facts Directed to Troy Hobbs and Responses to Requests for Admission of Facts Directed to Alicia Hobbs (collectively, "Hobbses Admissions"), Response Nos. 7-11. The promissory note states that the Hobbses had an obligation to pay $17,750.00 in monthly payments over a five year period to the debtor (Promissory Note at 1). The Hobbses have not made any such payments. (Hobbses Admissions, Response No. 13). Additionally, the Hobbses signed a mortgage to the debtor (Hobbses Admissions, Response Nos. 14-18). The mortgage also references an obligation of the Hobbses to pay $17,750.00 to the debtor (Mortgage at 1).

On August 14, 2007, the debtor filed a petition under Chapter 7 of the Bankruptcy Code (Case # 07-16140). On September 18, 2008, the Chapter 7 trustee initiated an adversary proceeding against the Hobbses and the Sberna Foundation (Docket #1). The complaint alleges five counts: (1) the debtor's

transfer of real property to the Hobbses was a fraudulent transfer that should be preserved for the benefit of the debtor's estate; (2) the trustee is entitled to a monetary judgment against the Hobbses for an amount equal to the value of the fraudulent transfer; (3) the trustee is entitled to a monetary judgment against the Hobbses based on a promissory note in the amount of $17,750.00 that the Hobbses signed and delivered to the debtor; (4) the debtor's transfer of $13,000 to the Sberna Foundation was fraudulent and should be preserved for the benefit of the debtor's estate; and (5) the trustee is entitled to a monetary judgment against the Sberna Foundation for an amount equal to the value of the fraudulent transfer.

On January 9, 2009, the Court entered a default judgment against the Sberna Foundation (Docket # 29). On May 18, 2009, the trustee filed a motion for partial summary judgment against the Hobbses on Count III (Docket # 36). No response has been filed to the motion for summary judgment, and the Court is ready to rule. In addition, the plaintiff has indicated that, if the Court grants summary judgment in his favor on Count III, he will move to dismiss the remaining counts in the complaint.

## JURISDICTION

The court has jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United

3

States District Court for the Northern District of Ohio. To the extent that Count III

is not a core proceeding within the meaning of 28 U.S.C. § 157(b), the parties have

consented to the entry of final orders or judgments by the bankruptcy judge

pursuant to 28 U.S.C. § 157(c)(2).

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy

proceedings by Bankruptcy Rule 7056, provides that a court shall render summary

judgment,

> if the pleadings, depositions, answers to interrogatories, and admissions on
> file, together with affidavits, if any, show that there is no genuine issue as to
> any material fact and that the moving party is entitled to judgment as a
> matter of law.

The party moving the court for summary judgment bears the burden of showing

that "there is no genuine issue as to any material fact and that [the moving party] is

entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417,

423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). Once the moving party meets that burden, the nonmoving party "must

identify specific facts supported by affidavits, or by depositions, answers to

interrogatories, and admissions on file that show there is a genuine issue for trial."

*Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of

4

evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff.").  In

determining the existence or nonexistence of a material fact, a court will view the

evidence in a light most favorable to the nonmoving party.  *See Tenn. Dep't of*

*Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472

(6th Cir. 1996).

## DISCUSSION

Property of the estate is defined by the Bankruptcy Code in Section 541.  *See*

11 U.S.C. § 541.  Section 541 provides in pertinent part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:
>
>> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

All legal interests of the debtor are preserved for the estate.  *See* 11 U.S.C.

§ 541(a)(1).

Under 11 U.S.C. § 541(a)(1), upon commencement of a bankruptcy case, a

promissory note is preserved for the estate.  *See In re Orth,* 251 B.R. 333

(Bankr. W.D. Mich. 2000) (promissory note should have been scheduled as an

asset because it was a potential claim of the bankruptcy estate).  The promissory

5

note signed by the Hobbses is therefore part of the bankruptcy estate.

State law determines the legal interests a debtor possesses at the time of the bankruptcy filing. *See Butner v. United States*, 440 U.S. 48, 55 (1979); *accord Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 451 (2007) ("As we stated in Butner, '[p]roperty interests are created and defined by state law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.' "). It is undisputed that Ohio law governs the analysis of the promissory note at issue in this case, given that the promissory note was executed in Ohio in connection with the transfer of real property located in Ohio.

The interpretation of a clear and unambiguous written instrument is a matter of law. *See Blair v. McDonagh,* 177 Ohio App.3d 262, 278, 894 N.E.2d 377, 388 (Ohio App. 2008) ("The interpretation of a written instrument is, in the first instance, a matter of law for the court. If it is clear and unambiguous, the court need not go beyond the plain language of the agreement to determine the parties' rights and obligations; it must simply give effect to the contractual language."). The promissory note is clear and unambiguous because the terms of the contract in question do not require construction by the Court. Therefore, the Court can

6

analyze the promissory note as a matter of law.

Here, the Hobbses have not made any payments on the promissory note (Hobbses Admissions, Response No. 13). As provided in section 6(B) of the promissory note, the failure to make a full payment each month constitutes default. As the trustee has indicated, the filing of the complaint constitutes the notice required by section 6(C) that the holder of the promissory note notify the transferee of such default. *See Glimcher v. Reinhorn,* 68 Ohio App.3d 131, 140, 587 N.E.2d 462, 468 (Ohio App. 1991) (lawsuit satisfies requirement for demand). The Hobbses have not made any payments, despite notice of default.

As a result, the Hobbses owe the balance of the note of $17,750.00, plus interest at a rate of six percent per annum from the date of May 16, 2004, as well as costs of this adversary proceeding, as stipulated in section 6(E) of the promissory note.

## CONCLUSION

For the reasons stated above, the Court grants partial summary judgment in favor of the plaintiff and against the defendants, Troy Hobbs and Alicia Hobbs, jointly and severally, in the amount of $17,750.00, with prejudgment interest at the rate of six percent per annum from May 16, 2004, plus costs.